United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JABOR MCELROY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. IKEGBU, et al.,<br><br>　　　　Defendants. | No. C 15-01599 EJD (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

　　　　Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983, against prison officials. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

**DISCUSSION**

**A.　Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must

Order of Service
P:\PRO-SE\EJD\CR.15\01599McElroy_svc.wpd

identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Venue**

Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Venue is appropriate in this district because a substantial part of the events took place at PBSP which is located in Del Norte County. 28 U.S.C. § 84(a).

**C.     Plaintiff's Claims**

According to the complaint, on May 13, 2012, Defendant Dale Robertson, a physician's assistant at High Desert State Prison, discontinued Plaintiff's chronological orders for lower bunk lower tier, a cane, soft shoes, and a medical mattress. (Compl. at 2-3.) The discontinuation of these chronos caused Plaintiff to have back spasms during which he would collapse and lose use of his leg and back, and during which he required medical attention. (Id. at 3.)

On February 11, 2015, Plaintiff was assigned to a top bunk, upper tier for the first time. (Compl. at 3.) The placement in an upper tier top bunk caused Plaintiff's body to collapse under pressure and he re-injured his back, hip, foot and ribs. (Id. at

Order of Service
P:\PRO-SE\EJD\CR.15\01599McElroy_svc.wpd                2

1    3-4.) These injuries have caused Plaintiff great and incessant pain; and make it
2    difficult for him to complete normal daily activities, such as walking, climbing
3    stairs, bending, squatting, bathing with his right arm, and getting out of bed. (Id. at
4    4.) That same day, Plaintiff was evaluated by Defendant Dr. Sayre who claimed that
5    Plaintiff had not injured any bones and was merely having muscle spasms. (Ibid.)
6    Dr. Sayre refused to prescribe "effective" painkillers to Plaintiff or to order an x-ray.
7    (Ibid.) A week later, Plaintiff was evaluated by Defendant Dr. Ikegbu, who agreed
8    with Dr. Sayre's assessment. (Id. at 4-5.) Two weeks after seeing Dr. Ikegbu,
9    Plaintiff was seen at CTC by Dr. Venes who ordered an emergency evaluation and
10   an x-ray at Sutter Coast Hospital. (Id. at 5.) The x-ray showed that Plaintiff had a
11   broken rib and internal bleeding. (Ibid.)
12        Plaintiff also alleges that Defendants have prematurely, "and without regard
13   to Plaintiff's medical condition," discontinued Plaintiff's "Nasacort" nasal spray,
14   tear drops, medicated soap, and ipatropium inhaler, all of which are required to
15   address Plaintiff's allergies to dust, pollen, grass, shrubs, and PIA-state-issued soap.
16   (Compl. at 5.) Plaintiff also claims that the ipatropium inhaler is necessary to
17   address constriction of his airwaves and the releated shortness of breath and
18   wheezing. (Ibid.)
19        Liberally construed, Plaintiff states a cognizable Eighth Amendment claim
20   that Defendants Robertson, Sayre, and Ikegbu were deliberately indifferent to
21   Plaintiff's serious medical needs when Robertson discontinued Plaintiff's
22   chronological orders; when Sayre and Ikegbu failed to provide appropriate treatment
23   for Plaintiff's injuries sustained due to his February 11, 2015 fall from an upper
24   bunk; and when Robertson, Sayre and Ikegbu discontinued his allergy medications.
25   See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
26        Plaintiff's claim against Jeffrey Beard is DISMISSED for failure to state a
27   claim. Plaintiff alleges no conduct by Beard, let alone any conduct that proximately
28   caused a violation of Plaintiff's constitutional rights. There is no respondeat

superior liability under Section 1983, so Beard cannot be liable for the conduct of his subordinates simply by virtue of the fact that he is their superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (under no circumstances is there respondeat superior liability under Section 1983); accord Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (same). Consequently, Plaintiff has failed to state a cognizable claim against Beard, and Beard will be dismissed from this action.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Jeffrey Beard is DISMISSED from this action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants N. Ikegbu and Dr. Sayre** at **Pelican Bay State Prison** (P.O. Box 7000, Crescent City, CA 95531-7000) and upon **Defendant Dale Robertson** at **High Desert State Prison** (P.O. Box 750, Susanville, CA 96127-0750). The Clerk shall also mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes

the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    a. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently**

**provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Woods</u>, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

Order of Service
P:\PRO-SE\EJD\CR.15\01599McElroy_svc.wpd

6

1  DATED: 5/28/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JARBOR MCELROY,

        Plaintiff,

    v.

N. IKEGBU,

        Defendant.

Case No. 5:15-cv-01599-EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/28/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Jarbor McElroy ID: P-71922
    Pelican Bay State Prison
    P. O. Box 7500
    Crescent, Ca 95532

Dated: 5/28/2015

    Richard W. Wieking
    Clerk, United States District Court

    By: *Elizabeth C. Garcia*
    Elizabeth Garcia, Deputy Clerk to the
    Honorable EDWARD J. DAVILA